UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

HECTOR FERNANDO CANALES-ROBLES,
SAAMIR LOPEZ-CERVANTES, and TREI
HERNANDEZ, on behalf of themselves and
all others similarly situated,

                     Plaintiffs,

      v.

COLETTE S. PETERS, former Director, Oregon
Youth Authority (OYA) and current Director,
Oregon Department of Corrections (ODOC);
JOSEPH O'LEARY, Acting Director, OYA;
FARIBORZ PAKSERESHT, former Director,
OYA; ROBERT JESTER, former Director,
OYA; BOBBY MINK, former Director, OYA;
MICHAEL RIGGAN, former Superintendent,
MacLaren; DAN BERGER, Superintendent,
MacLaren; SID THOMPSON, former
Superintendent, MacLaren,

                     Defendants.

Case No. 6:16-cv-01395-AC

OPINION AND ORDER

PAGE 1 - OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Hector Fernando Canales-Robles ("Canales-Robles"), Saamir Lopez-Cervantes ("Lopez-Cervantes"), and Trei Hernandez ("Hernandez") (collectively "Plaintiffs"), bring this class action asserting a single claim under 42 U.S.C. § 1983 ("Section 1983") for violation of their rights to due process under the Fourteenth Amendment. Plaintiffs specifically allege the lack of legal materials and resources available to inmates housed at the MacLaren Youth Correctional Facility ("MacLaren") effectively deprived them of meaningful access to the courts and prevented them from filing timely petitions for post-conviction relief. Currently before the court is the summary judgment motion filed by defendants Colette S. Peters ("Peters"), former Director of Oregon Youth Authority ("OYA") and current Director of Oregon Department of Corrections ("ODOC"); Joseph O'Leary ("O'Leary"), Acting Director of OYA; Fariborz Pakseresht ("Pakseresht"), former Director of OYA; Robert Jester ("Jester"), former Director of OYA; Bobby Mink ("Mink"), former Director of OYA; Michael Riggan ("Riggan"), former Superintendent of MacLaren; Dan Berger ("Berger"), Superintendent of MacLaran; and Sid Thompson ("Thompson"), former Superintendent of MacLaren (collectively "Defendants"), seeking dismissal of this action due to pending post-conviction-relief proceedings currently before the Oregon Court of Appeals.

The court finds the claim and relevant issues before this court are separate and distinct from those addressed and pending in the post-conviction-relief proceedings, are not barred by issue preclusion, claim preclusion, or the *Rooker-Feldman* doctrine, and do not implicate important state

interests requiring *Younger* or *Pullman* abstention.    Consequently, Defendants' motion for summary judgment is denied.[1]

*Background*

Plaintiffs allege Defendants failed to provide OYA prisoners access to attorneys, individuals trained in the law, a law library, or other resources to assist OYA prisoners in the preparation and filed of meaningful legal papers.  (Class Action Compl., ECF No. 57 ("Compl."), ¶¶ 42, 43.)[2]  This failure effectively deprived Plaintiffs of the opportunity to timely file for post-conviction relief under Oregon's Post Conviction Relief Act (OR. REV. STAT. 138.510-138.680) (the "Act") and, as a result, the ability to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Compl. ¶¶ 30, 33, 35-37.)

I.  Canales-Robles

Canales-Robles was convicted of at least one criminal offense in Oregon Circuit Court and sentenced to 180 months in prison on March 20, 2008.  (Compl. ¶ 15.)  Because Canales-Robles was seventeen years old when he committed the underlying offenses and eighteen years old when sentenced, he began his sentence at MacLaren, an OYA facility, rather than an ODOC adult facility.  (Compl. ¶¶ 15, 22.)  Canales-Robles filed a direct appeal of his conviction and the Oregon Court of Appeals affirmed the conviction on April 14, 2010.  (Compl. ¶ 25.)  The Act generally

---

[1] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

[2] Defendants' evidence is limited to copies of pleadings filed in the post-conviction relief cases filed by Canales-Robles and Lopez-Cervantes and a declaration from O'Leary describing a policy adopted by OYA in 2011 with regard to legal materials provided to youth housed in Oregon correctional facilities.  Accordingly, the general background summary is derived from the Class Action Complaint filed by Plaintiff on October 31, 2018, which Defendants have not yet answered and, for the purposes of this summary judgment motion only, the court assumes Defendants concede.

PAGE 3 - OPINION AND ORDER

requires a petition for post-conviction relief be filed within two years of the date a conviction is entered or, if the conviction is appealed, the date the appeal is final in the Oregon appellate courts. OR. REV. STAT. 138.510(3) (2019).  Consequently, Canales-Robles was required to file for post-conviction relief on or before April 14, 2012.  (Compl. ¶ 28.)  However, Defendants' alleged failure to provide Canales-Robles access to legal materials and resources effectively prevented Canales-Robles from initiating post-conviction relief proceedings while housed at MacLaren.  (Compl. ¶ 30.)

Canales-Robles was transferred to the physical custody of the ODOC on August 1, 2014. (Compl. ¶ 22.)  He filed a petition for post-conviction relief on July 14, 2016, in the Circuit Court of the State of Oregon for the County of Marion ("Marion County Court"), naming Christine Popoff ("Popoff"), Superintendent of the Oregon State Correctional Institute, as defendant.  (Van Meter Decl. dated May 30, 2019, ECF No. 77 ("Van Meter Decl.") Ex. 101 at 1.)  Canales-Robles alleged his petition was timely filed under the express language of OR. REV. STAT. 138.510(3) which excuses a late filed petition when "the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." (Van Meter Decl. Ex. 101 at 25.)  Canales-Robles specifically asserted Defendants' failure to provide him meaningful access to counsel, inmate legal assistants trained in the law, Oregon or federal legislative law, or preprinted forms to assist him in raising post-conviction relief claims fell within the exception language of OR. REV. STAT. 138.510(3) and excused his late filing of the petition.  (Van Meter Decl. Ex. 101 at 25-28.)

Popoff moved for summary judgment asserting Canales-Robles's petition was untimely under the Act.  (Van Meter Decl. Ex. 101 at 5.)  Popoff expressly distinguished between Canales-Robles's arguments and the language of the statutory exception, stating "petitioner's allegation on

PAGE 4 - OPINION AND ORDER

the 'adequate law library' issue is not enough to create a genuine issue of material fact for trial – given the State's statute of limitations defense – because the question under ORS 138.510(3)(b) is whether the *grounds for relief* could have reasonably been raised in the original petition, not whether the petitioner could have reasonably filed his original petition before the limitations period." (Van Meter Decl. Ex. 101 at 5.) Popoff contended Canales-Robles's assertion he was unable to understand English was not supported by the record, the record established Canales-Robles's attorney advised him he was required to file for post-conviction relief within two years of the final judgment entered on April 14, 2010, and provided post-conviction forms, and while Chapter 138 of the Oregon Revised States were available to MacLaren inmates as of October 31, 2011, Canales-Robles never requested a copy of the statutes. (Van Meter Decl. Ex. 101 at 9-17.) The Marion County Court found Canales-Robles's post-conviction relief petition "time-barred as a matter of law under ORS 138.510(3)(b)" relying on "the defense position taken in defendant-superintendent's motion for summary judgment filed on September 21, 2018[,] and the oral argument of counsel for defendant-superintendent made at the October 15, 2018 hearing on the motion." (Van Meter Decl. Ex. 101 at 140.)

## II.  Lopez-Cervantes

Lopez-Cervantes was convicted of at least one criminal offense in Oregon Circuit Court and sentenced to 130 months in prison on September 30, 2008. (Compl. ¶ 16.) Because Lopez-Cervantes was seventeen years old when he committed the underlying offenses and eighteen years old when sentenced, he began his sentence at MacLaren, an OYA facility, rather than an ODOC adult facility. (Compl. ¶¶ 16, 23.) Lopez-Cervantes was not eligible to file a direct appeal of his charges due to his guilty plea and his conviction became final when it was entered on the register on November 12, 2008. (Compl. ¶¶ 26, 31.) Consequently, Lopez-Cervantes was required to file

for post-conviction relief on or before November 12, 2010, under OR. REV. STAT. 138.510(3)(a).
(Compl. ¶ 31.)

Lopez-Cervantes, appearing *pro se*, filed a petition for post-conviction relief in the Circuit Court of the State of Oregon for the County of Multnomah ("Multnomah County Court") on July 21, 2009 effectively alleging ineffective assistance of counsel based on confusion or misrepresentation over the sentence term to which he agreed. (Van Meter Decl. Ex. 102 at 43-47.)[3] A Marion County Court Judge[4] appointed counsel for Lopez-Cervantes and ordered Lopez-Cervantes to file a formal petition on or before November 28, 2009. (Van Meter Decl. Ex. 102 at 48.) Lopez-Cervantes filed a motion to dismiss the action without prejudice on March 2, 2010, which the Marion County Court granted on March 22, 2010. (Van Meter Decl. Ex. 102 at 49, 55.) Lopez-Cervantes now apparently alleges Defendants' failure to provide access to legal materials thereafter prevented him from initiating subsequent post-conviction-relief proceedings while housed at MacLaren. (Compl. ¶ 33.)

Lopez-Cervantes was transferred to the physical custody of the ODOC on March 25, 2015. (Compl. ¶ 23.) While it is unclear from the documents provided by Defendants, it appears Lopez-Cervantes filed a second petition for post-conviction relief against Popoff in Marion County Court sometime in July 2016. (Van Meter Decl. Ex. 102 at 7.) On May 29, 2018, Popoff moved for summary judgment asserting Lopez-Cervantes post-conviction relief petition was not filed timely. (Van Meter Decl. Ex. 102 at 7.)

---

[3] While Lopez-Cervantes alleges he was housed in MacLaren beginning on September 30, 2008, the petition for post-conviction relief indicates he was housed at Hillcrest Youth Correctional Facility at the time he filed the petition. (Compl. ¶ 23; Van Meter Decl. Ex. 102 at 43, 47.)

[4] The petition was apparently transferred from the Multnomah County Court to the Marion County Court.

PAGE 6 - OPINION AND ORDER

Popoff argued the escape clause found in OR. REV. STAT. 138.510 "should be construed narrowly and applies only to 'information that did not exist or was not reasonably available' to a post-conviction petitioner. *Bartz v. State of Oregon*, 314 Or 353, 359, 839 P2d 217 (1992)." (Van Meter Decl. Ex. 102 at 8.)  Popoff specifically asserted Lopez-Cervantes's contention he was prevented from filing a timely post-conviction relief petition due to MacLaren's lack of a law library or other legal resources was not-well taken due to his filing of a timely petition for post-conviction relief, his housing in other facilities during the two years after his conviction, the public availability of post-conviction-relief materials, and MacLaren's decision to make Chapter 138 of the Oregon Revised Statues available to inmates prior to the running of the statute of limitations for Lopez-Cervantes to file for post-conviction relief.  (Van Meter Decl. Ex. 102 at 5-7.) Accordingly, Lopez-Cervantes did not qualify for the escape clause.  (Van Meter Decl. Ex. 102 at 7.)  A Marion County Court Judge effectively granted Popoff's motion for summary judgment on April 18, 2019, after a trial, finding the petition "is time barred and does not legally and factually fit within the escape clause."  (Van Meter Decl. Ex. 102 at 80.)

III.  Hernandez

Hernandez was convicted of at least one criminal offense in Oregon Circuit Court and sentenced in 2013 to 110 months in prison.  (Compl. ¶ 17.)  Hernandez was also seventeen years old when he committed the underlying offenses, eighteen years old when sentenced, and began his sentence at MacLaren.  (Compl. ¶¶ 17, 24.)  At the time Hernandez joined in this lawsuit, he had not yet turned twenty-five and remained in OYA custody housed at MacLaren.  (Compl. ¶ 24.) Hernandez alleges he "has non-frivolous claims for post-conviction relief that he could bring.  He does not have the legal training to pursue the claims on his own, and OYA refuses to assist him in preparing and filing his claims."  (Compl. ¶ 38.)

PAGE 7 - OPINION AND ORDER

IV.  Procedural Background

Canales-Robles and Lopez-Cervantes filed a single complaint as co-plaintiffs on July 8, 2016 ("Initial Complaint").[5]  The Initial Complaint contained numerous federal and state claims based on MacLaren's failure to provide legal materials and resources to Canales-Robles and Lopez-Cervantes and sought a declaration the named defendants violated their fundamental rights to due process based on meaningful access to courts, injunctive relief waiving any claims and defense with regard to post-conviction-relief and habeas proceedings, and money damages. (Verified Compl., ECF No. 1.)  On July 25, 2016, the court severed the claims of Lopez-Cervantes from those of Canales-Robles and ordered the clerk to open a separate action to allow Lopez-Cervantes to pursue his claims independently.  (Order dated July 25, 2016, ECF No. 6.)  The then-named defendants subsequently moved to dismiss the Initial Complaint and the new action filed on behalf of Lopez-Cervantes on numerous grounds, including the asserted claims were an improper collateral attack on their convictions barred by *Heck v Humphrey*, a *de facto* appeal from a state court judgment barred by *Rooker-Feldman*, or implicated important state interests and should be dismissed or stayed under *Younger* and *Pullman*.

In early June, 2017, this court entered a substantially similar Findings and Recommendation in each case recommending denial of the pending motions to dismiss but granting the motion to abstain under *Younger* with regard to the requests for injunctive relief. *Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1241 (D. Or. 2017) ("*Canales-Robles I*"); *Lopez-Cervantes v. Peters*, Case No. 6:16-cv-1528-AC, 2017 WL 3897206, at *6 (D. Or. June 5, 2017) *adopted in* 2017 WL 3908677 (D. Or. Sept. 5, 2017).  The court found the injunctive relief sought

---

[5] Canales-Robles and Lopez-Cervantes originally filed this action *pro se* but were represented by counsel shortly thereafter.

in the Initial Complaint would intervene in the state court proceedings by effectively ordering Popoff to waive any timeliness defense.  *Canales-Robles I*, 270 F. Supp. 3d at 1241; *Lopez-Cervantes*, 2017 WL 3897206 at *7.

On October 30, 2017, Plaintiffs filed a motion to amend the Initial Complaint seeking to convert this action to a class action and adding Lopez-Cervantes and Hernandez as plaintiffs. Defendants opposed the proposed amendments, arguing the proposed class action complaint continued to seek injunctive relief previously found unavailable, one of the proposed subclasses was inappropriate, some of the proposed amendments were futile, and asserting other procedural errors.  On July 2, 2018, this court entered a Findings and Recommendation recommending the motion to amend be granted in part and denied in part.  *Canales-Robles v. Peters*, Case No. 6:16-cv-01395, 2018 WL 4762899, at *14 (D. Or. July 2, 2018) ("*Canales-Robles II*"), *adopted in* 2018 WL 4762120 (D. Or. Oct. 10, 2018).  This court effectively limited Plaintiffs' claims to a single claim for violation of the Fourteenth Amendment due process clause, restricted the claims of the OYA subclass to O'Leary and Berger, and specifically allowed the amended prayer for injunctive relief finding the relief requested was limited to plaintiffs that did not have pending state litigation which eliminated the issues and concerns addressed in *Younger*.  *Canales-Robles II*, 2018 WL 4762899 at *14.  Plaintiffs filed a class action complaint in compliance with this court's ruling on October 31, 2018 (the "Complaint").

### Legal Standard

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2019).  Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2019). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

Defendants move for summary judgment based on the petitions for post-conviction relief filed by Canales-Robles and Lopez-Cervantes. Defendants contend the Marion County Court rulings are entitled to preclusive effect and thus bar relitigation of the claims or issues in this court, that the *Rooker-Feldman* doctrine forbids this court from considering a *de facto* appeal of the Marion County Court rulings, or that the court should stay this action while the Marion County Court rulings are pending on appeal. Plaintiffs respond that the issues addressed by the Marion County Court are distinct from those currently before this court, are not entitled to preclusive effect, and do not implicate the *Rooker-Feldman* doctrine. Plaintiffs also argue that this court has considered, and rejected, Defendants' *Rooker-Feldman* and abstention arguments. Finally, Plaintiffs note Defendants' arguments are not relevant to Hernandez, who still is housed at MacLaren and has not filed a petition for post-conviction relief.

I. Preclusive Effect of State Court Judgments

Defendants argue both Canales-Robles and Lopez-Cervantes pursued their claims for lack of access to courts while housed at MacLaren in their petitions for post-conviction relief and the Marion County Court expressly rejected the claims. As a result, Defendants contend Plaintiffs are unable to again litigate their due process claim in this venue.

As a preliminary matter, the court notes that "[u]nder the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Caligiuri v. Columbia River Bank Mortg. Group*, Civ. No. 07-3003-PA, 2007 WL 1560623, at *4 (D. Or. May 22, 2007) (quoting *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75,

81 (1984)).  Therefore, this court must apply the principles of issue and claim preclusion set forth

under Oregon law.

   *A. Issue Preclusion*

   "Under the doctrine of issue preclusion, a party is bound by the determination of a

particular issue in an earlier proceeding." *Minihan v. Stiglich*, 258 Or. App. 839, 854 (2013) (citing

*Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103 (1993)).  The purpose of the doctrine is

"to prevent parties from being harassed by successive, duplicative proceedings and to promote the

efficient use of judicial resources." *Thomas v. U.S. Bank Nat'l Ass'n*, 244 Or. App. 457, 469

(2011) (citing *North Clackamas Sch. Dist. v. White*, 305 Or. 48, 50–51 (1988)).  Issue preclusion

applies when the following requirements are met:

   (1) The issue in the two proceedings is identical.

   (2) The issue was actually litigated and was essential to a final decision on the
   merits in the prior proceeding.

   (3) The party sought to be precluded has had a full and fair opportunity to be heard
   on that issue.

   (4) The party sought to be precluded was a party or was in privity with a party to
   the prior proceeding.

   (5) The prior proceeding was the type of proceeding to which this court will give
   preclusive effect.

*Nelson*, 318 Or. at 104 (citations omitted).  The burden of proof rests on the invoking party as to

the first, second, and fourth requirements, but the burden shifts to the party to be precluded to

prove the third and fifth elements are not met.  *Barackman v. Anderson*, 214 Or. App. 660, 667

(2007), *review denied*, 344 Or. 401 (2008).  Even when all requirements are met, "the court must

also consider the fairness" of precluding a party under the circumstances. *Minihan*, 258 Or. App.

at 855 (2013) (quoting *State Farm v. Century Home*, 275 Or. 97, 110, (1976)).

PAGE 12 - OPINION AND ORDER

In his petition for post-conviction relief, Canales-Robles attacked his criminal convictions by alleging ineffective assistance of trial counsel, specifically, the failure to file a motion to suppress, and sought reversal of his convictions and remand to state court for additional proceedings. (Van Meter Ex. 101 at 39-36.) Defendants failed to provide the court with a copy of Lopez-Cervantes' July 2016 petition for post-conviction relief, thereby depriving this court of evidence on the claims asserted and the relief Lopez-Cervantes sought in the state court proceeding.[6] However, it is clear from Popoff's motions for summary judgment that both Canales-Robles and Lopez-Cervantes argued in their respective post-conviction-relief proceedings that Defendants' failure to provide necessary legal material to MacLaren residents prevented them from filing timely petitions for post-conviction. The Marion County Court adopted Popoff's argument that the lack of legal materials did not fall within the escape clause of OR. REV. STAT. 138.510(3), and that the petitions for post-conviction relief filed by Canales-Robles and Lopez-Cervantes were untimely. According to Defendants, Canales-Robles and Lopez-Cervantes have appealed the dismissal of their petitions for post-conviction relief.

In the Complaint, Plaintiffs assert a single Section 1983 claim alleging a violation of their due process rights under the Fourteenth Amendment. (Compl. ¶¶ 75-77.) Plaintiffs allege Defendants, identified as various directors and superintendents of OYA and ODOC, deprived them of meaningful access to the courts and prevented them from filing timely petitions for post-conviction relief by failing to provide access to a law library, attorneys, or others with legal knowledge. (Compl. ¶¶ 37, 41-43.)

---

[6] The only evidence of Lopez-Cervantes's possible claims for post-conviction relief is found in the Complaint in which Plaintiffs alleged "Lopez-Cervantes has non-frivolous ineffective assistance of counsel and involuntary plea claims." (Class Action Compl., ECF No. 57 ("Compl."), ¶ 32.)

It is clear from the record before the court the issues raised by Canales-Robles and Lopez-Cervantes are separate and distinct from the issues raised by Plaintiffs in the Complaint. In the Marion County Court proceedings, Canales-Robles and Lopez-Cervantes attacked their convictions based on ineffective assistance of counsel and sought reversal of their criminal convictions. In this action, Plaintiffs, on behalf on themselves and other similarly-situated individuals, complain about Defendants' failure to provide to MacLaren residents legal materials and resources necessary to allow Plaintiffs to timely file petitions for post-conviction relief.

Canales-Robles and Lopez-Cervantes relied on the absence of legal materials and resources as justification for their failure to timely file petitions for post-conviction relief under the Act, but the whether such failure resulted in a deprivation of Plaintiffs' due process rights under the United States Constitution was an issue not before the Marion County Court and the parties never argued the merits of Plaintiffs' due process claims. The Marion County Court considered Defendants' failure to provide legal materials or other resources in the context of the escape clause found in OR. REV. STAT. 138.510(3) only, not the merits of Plaintiffs' due process claims in the context of the Fourteenth Amendment.

Furthermore, the Marion County Court found Defendants' failure did not constitute "grounds for relief asserted which could not reasonably have been raised" in a timely petition for post-conviction relief and, as a result, determined the petitions filed by Canales-Robles and Lopez-Cervantes were untimely under OR. REV. STAT. 138.510(3). The Marion County Court did not address, or even consider, whether Defendants' conduct violated Plaintiffs' due process rights under the United States Constitution.

Defendants fail to meet their burden to establish the issues in the Marion County Court proceedings are identical to those currently before this court or that the issue of whether

PAGE 14 - OPINION AND ORDER

Defendants' failure to provide legal materials or resources to inmates housed at MacLaren violated

Plaintiffs' due process rights was actually litigated and essential to a final decision on the merits

in the Marion County Court proceedings.   Accordingly, Plaintiffs are not barred by issue

preclusion from litigating the claim alleged in the Complaint in this venue.

    B.  *Claim Preclusion*

    When describing the doctrine of claim preclusion, the Oregon Supreme Court has stated:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment . . . is [precluded] . . . from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Drews v. EBI Cos.*, 310 Or. 134, 140 (1989) (quoting *Rennie v. Freeway Transport*, 294 Or. 319,

323 (1982)).  "The rule forecloses a party that has litigated a claim against another from further

litigation on that same claim on any ground or theory of relief that the party could have litigated

in the first instance."  *Bloomfield  v. Weakland*, 339 Or. 504, 511 (2005) (citing *Dean v. Exotic

Veneers, Inc.*, 271 Or. 188, 194 (1975)).  Therefore, once a final judgment is entered, the parties,

or those in privity to the parties, to the litigation are precluded from bringing another action against

each other if:  (1) the action is based "on the same factual transaction" as the first; (2) the action

seeks an additional or alternative remedy; and (3) the second action could have been joined in the

first action.  *Drews*, 310 Or. at 140.  Federal courts have applied the doctrine of claim preclusion

to preclude the relitigation of claims that could have been presented to a state court, either in civil

or criminal matters, in a Section 1983 action involving parties to the state court action.  *Allen v.

McCurry*, 449 U.S. 90, 104 (1980) ("[N]othing in the legislative history of § 1983 reveals any

purpose to afford less deference to judgments in state criminal proceedings than to those in state

PAGE 15 - OPINION AND ORDER

civil proceedings."); *Webber v. Giffin*, Civil No. 07-1675-KI, 2008 WL 5122702 (D. Or. Dec. 3, 2008) (plaintiff barred from pursuing claims, including constitutional violations under Section 1983, where claims could have been raised in administrative proceeding addressing plaintiff's violation of Oregon water laws).

The factual transactions underlying Canales-Robles's and Lopez-Cervantes's petitions for post-conviction relief focused on the conduct of their legal counsel with regard to their criminal proceedings, but the factual transactions at issue here are Defendants' failure to provide legal materials and resources to inmates housed at MacLaren.  Granted, Canales-Robles and Lopez-Cervantes raised the lack of legal materials and resources as a justification for not filing their petitions for post-conviction relief in a timely manner.  However, the merits of the petitions for post-conviction relief focused on alleged ineffective assistance of counsel in the criminal proceedings and not on Defendants' failure to provide legal materials and resources.  Consequently, Plaintiffs' due process claims at issue here are not based on the same factual transactions at issue in the petitions for post-conviction relief.

Moreover, it is not clear Canales-Robles and Lopez-Cervantes could have joined Plaintiffs' due process claims in their petitions for post-conviction relief.  A state court may properly hear claims arising under Section 1983.  *See Martinez v. California*, 444 U.S. 277, 284 (1980) (citing *Testa v. Katt*, 330 U.S. 386, 391 (1947) (in an action arising under Section 1983, the court recognized the general rule that "where 'an act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court.'").  However, the Act limits such post-conviction relief to cases where the petitioner has established:

(a)    A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

(b)   Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

(c)   Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

(d)   Unconstitutionality of the statue making criminal the acts for which petitioner was convicted.

OR. REV. STAT. 138.530(1) (2019).

For the purposes of OR. REV. STAT. 138.530(1)(a), Plaintiffs' due process claims could arguably be viewed as alleging a substantial denial of their constitutional rights in the appellate review of their convictions.  However, that subsection requires such denial render their convictions void.  Plaintiffs' due process claims address the deprivation of their rights to timely petition for post-conviction relief, not the validity of their underlying convictions.  Consequently, Plaintiffs' due process claims do not fall within OR. REV. STAT. 138.530(1)(a), or any other subdivision, and would not be a proper claim in a petition for post-conviction relief.

Furthermore, in this case Plaintiffs seek monetary damages and injunctive relief requiring OYA to provide meaningful legal materials and resources to the inmates in its custody.  The Act limits the relief a court may grant in a post-conviction-relief proceeding to "release, new trial, modification of sentence and such other relief as may be proper and just" including "supplemental orders to the relief granted, concerning such matters as rearrangement, retrial, custody, and release on security."  OR. REV. STAT. 138.520 (2019).  Despite the general language of "proper and just"

PAGE 17 - OPINION AND ORDER

relief, the type of relief sought by Plaintiffs in this action is clearly inconsistent with those available to them in a proceeding for post-conviction relief under the Act.

Plaintiffs' claims for violation of their due process rights do not arise from the same factual transaction relied upon by Canales-Robles and Lopez-Cervantes in support of their petitions for post-conviction relief.  Additionally, it appears evident from the express language of the Act that Plaintiffs could not have brought their Section 1983 claim for due process violations, or received the remedies requested, in their petitions for post-conviction relief.  Accordingly, Plaintiffs' due process claim is not barred by claim preclusion.

II.  *Rooker-Feldman* Doctrine

Defendants move for dismissal of this action characterizing it as a "*de facto* appeal" of the Marion County Court rulings on the petitions for post-conviction relief filed by Canales-Robles and Lopez-Cervantes.  Defendants contend reconsideration of those state court rulings are barred by the *Rooker-Feldman* doctrine.  Plaintiffs assert this argument is virtually identical to that which Defendants raised and this court rejected in a prior motion to dismiss.  Defendants distinguish the prior ruling, arguing the Marion County Court found in both cases "that plaintiffs had access to courts while at OYA and the 'escape clause' did not apply."  (Defs.' Reply in Support of Mots. for Summ. J., ECF No. 84 ("Reply"), at 4.)

The principle underlying *Rooker-Feldman* is relatively straightforward:  "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.  The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal."  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Difficulties in applying *Rooker-Feldman* arise where the attempted appeal is not outright.  An action brought in federal court constitutes an appeal for the purposes of *Rooker-Feldman* if "claims

PAGE 18 - OPINION AND ORDER

raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

As this court found previously, *Rooker-Feldman* is not applicable here. Plaintiffs do not seek to appeal the rulings of the Marion County Court nor do they ask the court to rule on the validity of such rulings. To the contrary, Plaintiffs rely, to some degree, on the Marion County Court rulings to establish the damage necessary to support their due process claims – that Defendants' failure to provide access to legal materials or resources effectively deprived Plaintiffs of their ability to file a timely petition for post-conviction relief.

In the current lawsuit, Plaintiffs ask the court to consider the propriety of Defendants' failure to provide legal materials and resources to inmates at MacLaren. A ruling in Plaintiffs' favor on their due process claims would not affect their criminal convictions or sentences. As this court previously explained: "This lawsuit does not assert legal error in Canales-Robles's underlying conviction or otherwise request review of the underlying conviction." *Canales-Robles I*, 270 F. Supp. 3d at 1241; *see also Lopez-Cervantes*, 2017 WL 3897206, at *6 ("This lawsuit does not assert legal error in Lopez-Cervantes's underlying conviction or otherwise request review of the underlying conviction.")

Furthermore, Defendants' representation that the Marion County Court found "in both cases that plaintiffs had access to courts while at OYA" is not necessarily supported by the record currently before the court. (Reply at 4.) In the Marion County Court cases, Popoff argued the lack of legal materials and resources at MacLaren did not fall within the terms of the escape clause of

OR. REV. STAT. 138.510, Canales-Robles and Lopez Cervantes had some knowledge of the statute of limitations applicable to petitions for post-conviction relief, and MacLaren made Chapter 138 of the Oregon Revised Statutes available to MacLaren inmates as of October 31, 2011, prior to the expiration of the relevant statute of limitations. The Marion County Court dismissed the petitions for post-conviction relief finding the petitions time barred and did not expressly address the substantive issues of Plaintiffs' due process claims.

This lawsuit is not a *de facto* appeal of the Marion County Court rulings dismissing the petitions for post-conviction relief as untimely. Rather, Plaintiffs assert a due process claim independent of issues relating to their convictions or incarceration. Accordingly, the *Rooker-Feldman* doctrine is not applicable and does not bar this court from considering the merits of Plaintiffs' claim.

III.  *Younger/Pullman* Abstention

As with the *Rooker-Feldman* argument, Defendants have against asserted the court should dismiss or stay this action pending final resolution of the petitions for post-conviction relief currently on appeal based on the doctrines enunciated in *Younger v. Harris*, 401 U.S. 37 (1971) and *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941). Defendants quote their prior arguments and argue the Marion County Court rejection of Plaintiffs' "arguments that they lacked access to courts while at Oregon Youth Authority" make "abstention even more applicable now." (Defs.' Mot. for Summ. J., ECF No. 74 ("Mot.") at 10.) Plaintiffs contend the Marion County Court rulings on the petitions for post-conviction relief do not alter the court's prior analysis and rejection of Defendants' previous *Younger* and *Pullman* arguments.

/ / / / /

/ / / / /

PAGE 20 - OPINION AND ORDER

A.  *Younger Abstention*

Application of *Younger* abstention is appropriate "when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 (1987).  Additionally, application of *Younger* abstention is appropriate where federal courts are faced with making unwarranted determinations of federal constitutional questions.  *Id.*  The cases in which the *Younger* doctrine has been properly applied have consisted of efforts to use federal courts to impede adjudication and enforcement of laws by the states.  *See e.g. Pennzoil,* 481 U.S. at 10-17 (federal court abstained from hearing claim that state civil proceedings violated various federal statutes and seeking to enjoin action to enforce judgment); *Middlesex County Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423 (1982) (federal court abstained from hearing First Amendment claims challenging the State bar's disciplinary procedures); *Trainor v. Hernandez,* 431 U.S. 434 (1977) (federal court abstained from hearing a constitutional claim under the Civil Rights Act seeking declaratory, injunctive, and other relief for the State's civil proceedings to secure the return of welfare payments); *Juidice v. Vail,* 430 U.S. 327 (1977) (federal court abstained from adjudicating a challenge to the State's contempt process), *Younger,* 401 U.S. at 43-54 (federal court abstained from hearing First and Fourteenth Amendment claims seeking to enjoin prosecution for criminal syndicalism in state court).

This court previously found the injunctive relief Canales-Robles and Lopez-Cervantes sought in the Initial Complaint, which effectively forced Popoff to waive any timeliness defense in the pending post-conviction-relief proceedings, constituted improper intervention by this court in a state proceeding and warranted abstention under *Younger*.  *Canales-Robles I*, 270 F. Supp. at 1241; *Lopez-Cervantes,* 2017 WL 3897206 at *7.  However, in addressing the motion to file an

amended complaint, this court subsequently acknowledged Canales-Robles and Lopez-Cervantes

"no longer seek that injunctive relief, only damages," eliminating the conflict between this lawsuit

and the state post-conviction-relief proceedings.  *Canales-Robles II*, 2018 WL 4762899 at *14.

The decisions in the Marion County Court proceedings and the issues currently on appeal before

the Oregon Court of Appeals are separate and distinct from those currently before the court.

As previously noted, despite Defendants' assertion the Marion County Court rejected

Plaintiffs' arguments that they lacked access to courts while at OYA, the record reveals only that

the Marion County Court found the lack of such access did not qualify Canales-Robles and Lopez-

Cervantes for the escape clause and their petitions for post-conviction relief were untimely.  A

decision by this court in this lawsuit will not speak on the timeliness of the post-conviction-relief

proceedings or the legality of the convictions and sentences of Canales-Robles and Lopez-

Cervantes.  Accordingly, the rulings and judgments issued by the Marion County Court do not, as

Defendants assert, make abstention even more appropriate.  Also, as Hernandez and the other

members of the class have not filed petitions for post-conviction relief, *Younger* abstention is not

appropriate on their claims regardless of the type of remedy sought. [7]

### B.  Pullman Abstention

*Pullman* abstention allows courts to decline jurisdiction "in cases presenting a federal

constitutional issue which might be mooted or presented in a different posture by a state court

determination of pertinent state law."  *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 189

(1959).  *Pullman* "abstention is appropriate when:  (1) the federal plaintiff's complaint requires

---

[7] This court previously found *Younger* abstention not implicated with regard to injunctive relief
sought by the OYA subclass, which "by definition, consists of persons who do not yet have
pending, parallel state [post-conviction relief] claims."  *Canales-Robles II,* 2018 WL 4762899 at
*14.

resolution of a sensitive question of federal constitutional law; (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly determinative issue of state law is unclear." *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998). This court previously found Pullman abstention does not apply here as the pending "claim for denial of access to courts does not involve any unclear issue of state law, and certainly not a determinative issue of state law." *Canales-Robles I*, 270 F. Supp. 3d at 1241; *Lopez-Cervantes*, 2017 WL 3897206, at *7. The finding of the Marion County Courts that the alleged lack of access to courts resulting from Defendants' failure to provide legal materials and resources to Plaintiffs does not entitled Plaintiffs to the protection of the escape clause does not alter this conclusion. While resolution of the pending post-conviction-relief proceedings may be relevant to the damages to which Canales-Robles and Lopez-Cervantes are entitled, such resolution would not moot or narrow, and is not determinative of, the due process issues before this court.

### Conclusion

Defendants' motion (ECF No. 74) for summary judgment is DENIED.

DATED this 15th day of June, 2020.

        /s/ John V. Acosta
        JOHN V. ACOSTA
        United States Magistrate Judge

PAGE 23 - OPINION AND ORDER